UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TODD C. BANK,

                Plaintiff,                    **REPORT & RECOMMENDATION**
                                                   **19 CV 5804 (RRM)(LB)**

     -against-

JOHN DOE,

                Defendant.
-------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

Plaintiff commenced this Telephone Consumer Protection Act case against defendant on

October 15, 2019. ECF No. 1. The Federal Rules of Civil Procedure provide that:

> If a defendant is not served within 90 days after the complaint is filed, the court – on
> motion or on its own after notice to the plaintiff – must dismiss the action without
> prejudice against that defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must extend the time
> for service for an appropriate period.

Fed. R. Civ. P. 4(m). I notified plaintiff that he was required to serve defendant by January 27,

2020 pursuant to Rule 4(m). ECF No. 5. Plaintiff failed to identify defendant and to file a proposed

summons; thus, no proof of service was timely filed on the docket. Although Mr. Bank is

representing himself in this action, he is an attorney.

Seven months after the Rule 4(m) deadline, plaintiff "request[ed] that the Court schedule

an initial conference[.]" ECF No. 6. On August 28, 2020, I denied plaintiff's request for an initial

conference and ordered plaintiff to show good cause by September 4, 2020 why this action should

not be dismissed without prejudice pursuant to Rule 4(m). ECF No. 7. Plaintiff responded,

discussing how discovery is required to identify defendant and renewing his request for a

conference. ECF No. 8.

"Good cause to excuse a failure to effect service exists only in 'exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" Kogan v. Facebook, Inc., 334 F.R.D. 393, 401–02 (S.D.N.Y. 2020) (citing cases). A party seeking an extension for good cause "bears a heavy burden of proof." Beauvoir v. U.S. Secret Serv., 234 F.R.D. 55, 56 (E.D.N.Y. 2006) (internal quotation marks and citations omitted).

Plaintiff's Rule 4(m) deadline was January 27, 2020, and he has not shown good cause for his seven-month delay in seeking discovery to identify defendant.[1] Plaintiff's August 27, 2020 request for a conference does not establish good cause. Furthermore, despite being notified of his January 27, 2020 Rule 4(m) deadline, ECF No. 5, plaintiff failed to request an extension of time to identify and serve defendant. See Kogan, 334 F.R.D. at 402–04 (discussing plaintiff's failure to establish good cause in part because he "did not even request . . . an extension of time to serve defendants until six months after the Rule 4(m) deadline and nine months after the filing of his original Complaint.") (citing cases); Harper v. City of N.Y., No. 09 CV 5571 (JG)(SMG), 2010 WL 4788016, at *6 (E.D.N.Y. Nov. 17, 2010) (declining to grant discretionary extension "where the need for the extension results entirely from counsel's neglect and the request for it came only after the time for service expired[.]"), aff'd, 424 Fed. App'x 36 (2d Cir. 2011) (summary order). Because plaintiff has failed to file proof of service or show good cause why service was not timely

---

[1] "[D]istrict courts have discretion to grant extensions [of time to serve defendants] even in the absence of good cause." Zapata v. City of N.Y., 502 F.3d 192, 196 (2d Cir. 2007). When determining whether to grant a discretionary extension, Courts consider "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." Beauvoir, 234 F.R.D. at 58 (citations omitted). Here, these factors do not weigh in favor of granting plaintiff an extension of time to serve defendant.

effected on defendant, it is respectfully recommended that plaintiff's action should be dismissed without prejudice pursuant to Rule 4(m).

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review.  Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: September 4, 2020
       Brooklyn, New York

3