UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TODD C. BANK,

                                Plaintiff,

   - against -                                **MEMORANDUM AND ORDER**
                                                   19-CV-5804 (RRM) (LB)
JOHN DOE,

                                Defendant.
----------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

      On September 4, 2020, more than ten months after this action was filed, Magistrate Judge Bloom issued a *sua sponte* report and recommendation (the "R&R"), recommending that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to identify and serve defendant John Doe. Plaintiff Todd C. Bank objects to portions of that R&R, principally arguing that he could not have commenced the discovery necessary to ascertain the identity of the Doe defendant and that Judge Bloom failed to provide the notice required by Rule 4(m). For the reasons stated below, the Court finds Bank's objections to be without merit and adopts the R&R in its entirety.

## BACKGROUND

      On October 15, 2019, Bank, an attorney, commenced this putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, and state law against John Doe, "an unknown natural person or entity" responsible for making numerous telephone calls to Bank and others "for the purpose of encouraging the purchase of purported discounted-energy services ...." (Complaint (Doc. No. 1) at ¶¶ 14, 18.) On October 28, 2019, after the case was assigned to Magistrate Judge Bloom for all pretrial purposes, Judge Bloom issued an order (the "Initial

Order"), which quoted the language of Federal Rule of Civil Procedure 4(m) and stated, in pertinent part:

> Plaintiff shall have 90 days from the date of this Order to serve defendant and file proof of service with the Court. Accordingly, if proper service is not made upon defendant by January 27, 2020, or if plaintiff fails to show good cause why such service has not been effected by that date, it will be recommended that the Court should dismiss this action without prejudice.

(Initial Order (Doc. No. 5) at 1.)[1]

According to the docket sheet, Bank did not take any action in this case until August 27, 2020, when he wrote Judge Bloom a one-sentence letter requesting that she schedule an initial conference in this case. (Letter (Doc. No. 6).) The following afternoon, Judge Bloom denied that request and issued an Order to Show Cause (the "OSC"). Noting that Bank had yet to identify defendant, file a proposed summons, or file proof of service on the docket, the OSC directed Bank to show good cause why this action should be dismissed without prejudice pursuant to Rule 4(m). (Order (Doc. No. 7).)

Less than three hours after the OSC was electronically entered, Bank responded with a three-paragraph letter. The first paragraph was a single sentence referencing the OSC. The second paragraph read as follows:

> I trust that you overlooked the allegation of the Complaint (Dkt. No. 1) that, "Defendant, John Doe, is an unknown natural person or entity," Compl., ¶ 14, and that, therefore, the norm of service occurring before the commencement of discovery is not applicable; on the contrary, discovery is required in order to identify the defendant so as to enable service of process (I also assume that, in stating that, "this action [c]ould be dismissed without prejudice," the order was referring to a dismissal by the District Judge).

(Response to OSC (Doc. No. 8).) The third paragraph consisted of a single sentence renewing Bank's request for an initial conference.

---

[1] Unless otherwise noted, all page numbers refer to those assigned by the Electronic Court Filing ("EFC") system.

On September 4, 2020, Judge Bloom issued the R&R, recommending that this action be dismissed without prejudice pursuant to Rule 4(m). Judge Bloom noted that Bank had never requested an extension of time to serve process and had not shown good cause for waiting more than seven months after the expiration of the Rule 4(m) deadline to seek discovery. (R&R (Doc. No. 9) at 2.) In a footnote, Judge Bloom acknowledged that the Court could extend the time to serve defendants even absent good cause, but she concluded that the relevant factors did not weigh in favor of granting such an extension. (*Id.* at 2, n.2.)

On September 8, 2020, Bank filed a two-page objection to the R&R (the "Objection"). Bank asserts that, by alleging that defendant was "an unknown natural person or entity," the complaint made it "clear that service could be effected only upon the conducting of discovery." (Objection (Doc. No. 10) at 1.) Bank then implies that discovery was unavailable because it "required a scheduling order, which itself could have been issued only 'after [the Court had] receiv[ed] the parties' report under Rule 26(f),' Fed. R. Civ. P. 26(b)(1) [*sic*], which obviously was not possible, 'or [] after . . . a scheduling conference or by telephone, mail, or other means.' Id." (*Id.* at 1.) Bank also asserts that the Initial Order did not constitute the notice required by Rule 4(m) because it was issued during, not after, the 90-day period. (*Id.* at 1–2.) Finally, Bank notes that the R&R does not cite to "any unknown-defendant case that was dismissed for lack of service prior to the taking of discovery, whether or not the plaintiff had, as Bank had, requested an initial conference . . . , much less where there had not been a Rule 4(m) notice." (*Id.* at 2.)

**STANDARD OF REVIEW**

The procedures relating to filing and adjudicating objections to a report and recommendation are set forth in 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The statute provides that within fourteen days after being served with a copy of a

3

report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). A district judge then makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," or "may receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Rule 72 essentially tracks the language of its statutory analogue but provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). "The rule adds that the objections must be 'specific' so as to conform to the statute's requirement that the judge review those portions of the proposed findings or recommendations to which objection is made; failure to make appropriately specific objections excuses the district judge from doing a de novo review." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Fed. Practice & Procedure, Civ. § 3070.1 (3d ed. 2011). If "the [objecting] party makes only frivolous, conclusory or general objections, or simply reiterates [his] original arguments, the Court reviews the report and recommendation only for clear error." *Kamden-Ouaffo v. Balchem Corp.*, No. 17-CV-2810 (PMH), 2021 WL 1101126, at *2 (S.D.N.Y. Mar. 23, 2021) (quoting *Velez v. DNF Assocs., LLC*, No. 19-CV-11138 (GHW) (SDA), 2020 WL 6946513, at *2 (S.D.N.Y. Nov. 25, 2020)) (alterations in *Kamden-Ouaffo*).

## DISCUSSION

Rule 4(m) provides, in pertinent part:

If a defendant is not served within 90 days after the complaint is filed, the court—
on motion or on its own after notice to the plaintiff—must dismiss the action

without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"A party seeking an extension for good cause 'bears a heavy burden of proof.'" *Graham v. Merchants Cap. Access*, No. 17-CV-5598 (ADS) (AKT), 2018 WL 3233132, at *1 (E.D.N.Y. July 2, 2018) (quoting *Naglieri v. Valley Stream Cent. High Sch. Dist.*, No. 05-CV-1989 (TCP), 2006 WL 1582144, at *3 (E.D.N.Y. May 26, 2006)). "Good cause . . . is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." *Shchegelskiy v. United States*, No. 20-CV-2395 (PGG) (BCM), 2021 WL 735203, at *2 (S.D.N.Y. Feb. 24, 2021). "The diligence of the plaintiff's efforts to effect proper service is an important consideration in a determination of good cause." *Alvarado v. Am. Freightways, Inc.*, No. 04-CV-9536 (JCF), 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005) (citing *Echevarria v. Dep't of Correctional Servs.*, 48 F.Supp.2d 388, 392-93 (S.D.N.Y. 1999)). "An attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause." *Shchegelskiy*, 2021 WL 735203, at *2 (quoting *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003)).

In arguing that there was good cause for his failure to timely serve defendant, Bank relies on the fact that defendant was an "unknown natural person or entity," whose identity could not be ascertained without conducting discovery. He reasons that he could not have obtained discovery with first obtaining a scheduling order, and that the Court could not have issued such an order without first 1) receiving the parties' report under Rule 26(f) or 2) consulting with the parties' attorneys and any unrepresented parties at a scheduling conference. *See* Fed. R. Civ. P. 16(b)(1). That reasoning, however, is incorrect.

To be sure, Rule 26(d)(1) provides that, generally, a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." But the rule specifically provides that courts may order earlier discovery. Fed. R. Civ. P. 26(d)(1). "Courts in this district have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005); *see also Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007); *accord* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Fed. Practice and Procedure § 2046.1 (3d ed. 2011) ("Although [Rule 26(d) ] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). Although courts have "applied 'particularly careful scrutiny' when plaintiffs seek expedited discovery on an *ex parte* basis," *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash*, 233 F.R.D. at 327), courts have regularly approved *ex parte* requests for expedited discovery aimed at identifying Doe defendants. *See, e.g.*, *Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP address 98.116.99.252*, No. 21-CV-1852 (AJN), 2021 WL 1987383, at *3 (S.D.N.Y. May 18, 2021) (adult film company permitted to "immediately serve a Rule 45 subpoena" on internet service provider to obtain information to identify one of its subscribers, who alleged infringed the plaintiff's copyrights); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (finding that plaintiff established good cause for issuing a Rule 45 subpoena to internet service provider to obtain information to identify one of its subscribers, who alleged infringed the plaintiff's copyrights).

In light of the foregoing, Bank's contention that discovery was unavailable is entirely unpersuasive. Unless expedited discovery was available, the Doe defendants could never "be identified or served" and the litigation against them could never proceed. *Digital Sin,* 279 F.R.D. at 242. Indeed, the Court notes that, despite his assertions that discovery could not be had, Bank himself took steps to obtain the discovery necessary to ascertain the identity of the defendant by writing Judge Bloom a letter on August 27, 2020, requesting that she schedule an initial conference. (Letter (Doc. No. 6).) This action implied a recognition that Judge Bloom could order discovery notwithstanding Rule 26(d)(1)'s prohibition against seeking discovery prior to the Rule 26(f) conference. However, Bank makes no effort to explain why he waited seven months after the Rule 4(m) deadline for serving defendant expired to request Judge Bloom's assistance.

While Bank correctly notes that the R&R did not cite to "any unknown-defendant case that was dismissed for lack of service prior to the taking of discovery," (Objections at 2), the Court has had little trouble finding cases in which Doe defendants have been dismissed pursuant to Rule 4(m) for failure to identify and serve them within the 90-day period. *See, e.g.*, *Trustees of United Plant & Prod. Workers Loc. 175 Benefits Fund v. Carlo Lizza & Sons Paving, Inc.*, No. 16-CV-5521 (DRH) (GRB), 2019 WL 5699992, at *1, n.1 (E.D.N.Y. Aug. 29, 2019) (report and recommendation recommending that claims against John Doe Company be dismissed without prejudice pursuant to Rule 4(m) for failure to identify and serve this defendant within the requisite 90 days), *adopted*, No. 16-CV-5521 (DRH) (GRB), 2019 WL 4805044 (E.D.N.Y. Oct. 1, 2019); *Colaruotolo v. Cty. of Schenectady, N.Y.*, No. 11-CV-720 (GLS) (RFT), 2013 WL 3049131, at *1 (N.D.N.Y. June 17, 2013) (dismissing Doe defendants "due to Plaintiff's failure to timely identify and serve them in accordance with Federal Rule of Civil Procedure 4(m)");

*Mosby v. Trabout*, No. 06-CV-1165, 2008 WL 2782697, at *2, n.2 (N.D.N.Y. July 7, 2008) (Rule 4(m) dismissal of a Doe defendant held to be appropriate where there was "no showing that plaintiff ever attempted to identify this John Doe defendant"). Here, Bank inexplicably failed to make any effort to identify and serve the Doe defendant during the 90-day period and for seven months thereafter. Whether his inaction was due to "ignorance of the rules, inadvertence, neglect, or mistake," Bank has not established good cause for his failure to timely serve process on the defendant. *See Shchegelskiy*, 2021 WL 735203, at *2; *Feingold*, 269 F. Supp. 2d at 276.[2]

Rule 4(m) Notice

Bank also argues that Judge Bloom did not provide adequate notice before *sua sponte* dismissing this action pursuant to Rule 4(m). The plain language of Rule 4(m) requires that "notice to the plaintiff must be given prior to a *sua sponte* dismissal." *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (citing Fed. R. Civ. P. 4(m)). The Second Circuit has "concluded that a failure to provide notice pursuant to Rule 4(m) can constitute an abuse of discretion or error of law where the absence of notice forestalled a plaintiff from making a colorable argument that there was good cause to extend the . . . period in which service was due." *Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) (citing *Thompson*, 309 F.3d at 110.)

In arguing that Judge Bloom failed to provide adequate notice, Bank focuses solely on the Initial Order, arguing that this order, issued at the start of the 90-day period, was inadequate to provide the notice required under Rule 4(m). However, Bank does not mention the OSC, issued long after the 90-day period expired and several weeks before the *sua sponte* dismissal.

---

[2] Plaintiff does not specifically object to Judge Bloom's ruling that, although the Court could extend the time to serve the Doe defendant even absent good cause, the relevant factors do not weigh in favor of granting such an extension. (R&R at 2, n.2.) Accordingly, the Court subjects this portion of Judge Bloom's R&R to clear error review. The Court finds that Judge Bloom's ruling is not clearly erroneous.

8

Far from forestalling Bank "from making a colorable argument that there was good cause to extend the [90-day] period," *Nagy*, 507 F.3d at 164, the OSC demanded that Bank make a showing of good cause and notified Bank that this action would be dismissed pursuant to Rule 4(m) if he failed to do so.  Since this OSC provided the requisite notice, it is unnecessary to consider Bank's argument that the Initial Order, standing alone, did not consider adequate notice.

## CONCLUSION

For the reasons set forth above, the Court adopts Judge Bloom's recommendation that this action against John Doe be dismissed without prejudice pursuant to Rule 4(m).  The Clerk of Court is respectfully directed to enter judgment against Bank and to close this case.

SO ORDERED.

Dated:  Brooklyn, New York
        June 22, 2021

*Roslynn R. Mauskopf*

———————————————
ROSLYNN R. MAUSKOPF
United States District Judge